Judge-UNDEitwoon,
delivered the opinion of the court.
Tins record presents a question growing out of the judicial troubles of the state, resulting from the act of December, I82i, purporting to reorganize the court of appeals. Montgomery filed his bill in the circuit court and applied for an injunction which was refused upon the ground that his bill contained no equity. Upon the copy of said bill, W. T. Barry made the following endoi sement. “11 have inspected this transcript of the record, wherein William Montgomery is complainant and Nathan Houston’s heirs are defendants, and am of opinion, that the injunction prayed for in the complainant’s bill, was improperly refused by the circuit court, and I do hereby order the same to be granted. Given under my hand, this 27th August, 1825 ” On the 29th of August, the copy of the bill with said endorsement, was filed in the clerk’s office, and an injunction-bond executed, in which it is stated that an injunction had been granted by W. T. Barry, one of the judges of the court of appeals. On the said 29th of August, the cleik issued a subpoena, but instead of making the endorsement in the usual fo m, showing that the judgment at law had been enjoined, he certified the steps taken in the circuit court, and the refusal to grant the injunction, the act done by the said Barry and the execution of the bond by Montgomery and his surety as an injunction-bond, intending, it would seem, to leave the officer to judge whether these things amounted to •an injunction restraining the collection of the judgment at law or not. In June, 1826, the defendants, on the bill, answers, depositions and exhibits, moved the court to dissolve the mj uni tion. The court on considera ion, made an order dissolving the injunction,and entered judgment, ora decree against Montgomery for $80, being ten per cent damages on the amount enjoined and continued the suit. The only question is, did the court err under the foregoing facts, in decreeing the $80, as damages allowed on the dissolution of the injunction.
It has repeatedly been decided by this court, that Mr, Barry wass not a judge of the court of appeals as created *489 by and recognized in tbe constitution, and that he had no authority in virtue of the enactment of December, 1824, to exercise the power and functions of a judge of that court. His act purporting to grant an injunc--tion as judge of-the court of appeals would, in that character, therefore, have had no more efficacy than a similar act done by any private citizen. It would have been a nullity, had he been a judge of the constitutional court of appeals, unless the provisions of the act of December, 1824, allowing judges of the appellate court to grant injunctions, can be regarded as constituting rules obligatory upon the judges of that court, both in and out of term time, for there is no law authorizing a judge of the court of appeals, to grant an injunction under any circumstances exclusive'of the said act. The particular provisions of the act of December, 1824, concerning injunctions nowin question, were adopted, as is shown by the whole tenor of the act, in reference and as applicable to the legislative tribunal therein attempted to be substituted for the constitutional court of appeals. This attempt at substitution and the tribunal brought into notice by it, were in violation of tbe constitution of the state, and therefore, nullities; consequently, the regulations which were made applicable exclusively to tills new tribunal and its officers were likewise nullities. They could not apply to the constitutional court because the act which contained them, purported by a repeal to abolish that court and to recognize no other, than that substituted in its place. As appendages, then, of an unconst i tul ional act, the power conferred on the judges cf the new tribunal to grant injunctions, rrnut sink with its principal.
In every point of view, therefore, the act of Mr. Barry was void, and ought not to have been obeyed. But it seems that it was acquiesced in by tbe defendants in error as a subsisting injunction, for they moved to discharge it as such. The plaintiff in error had the benefit resulting from the delay, if it can be considered as advantageous. His bond executed, acknowledges tbe existence of an injunction, and it may be said he is estopped now to deny the existence of that which his bond ackno wledges, alter his adversary has acquiesced and submitted to the injury of piocrasiination. But this reasoning is not allowed.
Damages on dissolution of an injunction can he decreed only in cases, in which the injunction was granted by competent authority.
Owsley, for plaintiff: Andenor,. for defendant.
Damages are only given by law in the dissolution of injunctions granted by competent authority. If the authority be not competent to grant, there is no injunction, and therefore, the very basis upon which damages are given, never had existence and the contingency on which damages are allowed has never happened. To take money from a man’s pocket by construing an individual to have power as an officer, when we are bound to know the officers of the state, and do know, in this case, that the individual assuming to act, had no official power de jure to grant injunctions would be to award damages in cases where the law has not provided for them; and to that extent, we should be legislating, instead of judging. This case is not analogous to the case of a replevin bond, which the plaintiff or obligee might, if he chose, quash upon constitutional grounds. There the defendant cannot complain. His liability is not increased. He is put under no additional burden by enforcing a bond which the plaintiff was not bound to accept. It was his duty to have paid the money before. Besides, the replevin bond is executed in pursuance of an act of assembly, made for the easement of the defendant, and if the defendant acts under it, and tire plaintiff sanctions it, it is a new contract, fair in its character, and sustained by ample consideration.
Here the very foundation upon which damages may be awarded, has no legal existence. If the legislature were to place all unauthorized orders, granted by individuals without authority, purporting to award injunctions, which shall be obeyed by the officers of the law, and sanctioned by the parties as possessing validity, upon the same fooling with orders from those fully authorized, granting injunctions, then, in cases like the present, there might be grounds for givingdamages. Until that is done, we conceive that damages cannot be given.
The judgment or decree; for damages, is therefore reversed, and set aside with costs.